The court incorporates by reference in this paragraph and adopts as
the findings and orders of this court the document set forth below.
This document was signed electronically on January 12, 2009, which
may be different from its entry on the record.

**IT IS SO ORDERED.**



_____

**Arthur I. Harris**
**United States Bankruptcy Judge**

**Dated: January 12, 2009**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-13700 |
| | ) | |
| LOUIS D. AMIR, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | Adv. Proceeding No. 08-1258 |
| | ) | |
| DAVID SIMON, CHAPTER 7 | ) | Judge Arthur I. Harris |
| TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

On August 28, 2008, the Chapter 7 trustee, David Simon, filed the above-

captioned adversary proceeding seeking a determination of the validity, extent, or

priority of the interests, if any, of all defendants with respect to the real property

located at 1860 Surrey Place, Gates Mills, Ohio ("real property"), the avoidance of

_____

[1] This opinion is not intended for official publication.

mortgages or other interests in the real property, and a claim for violation of the automatic stay. Although the debtor, Louis Amir ("Amir"), remains an active defendant, it is the property interest of defendant IMC Mortgage Corporation ("IMC") that is at issue in this adversary proceeding. Both Amir and IMC assert that IMC is the legal and rightful owner of the real property. All other claims in this adversary proceeding have been dismissed or resolved by agreement. For the reasons that follow, the Court finds that the trustee may avoid the February 8, 2007, warranty deed transferring the real property from Amir to IMC under 11 U.S.C. §§ 544 and 547, and the real property becomes property of the debtor's estate pursuant to 11 U.S.C. § 541(a)(3) or (a)(4). The Court finds it unnecessary to address the trustee's other claims involving IMC, including IMC's alleged violation of the automatic stay.

JURISDICTION

The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. Amir argues that the Court lacks jurisdiction, because the above-captioned adversary proceeding is not a core proceeding pursuant to 28 U.S.C. § 157. "[A] core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist

2

outside of the bankruptcy." *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006) (*quoting Sanders Confectionary Prods. v. Heller Financial, Inc.*, 973 F.2d 474, 485 (6th Cir. 1992)); *accord Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) (collecting cases applying "this test"). The trustee's complaint asserts claims for relief created by federal bankruptcy law, such as the right to avoid the transfer of the real property from Amir to IMC pursuant to the trustee's strong-arm powers under 11 U.S.C. §§ 544, 547, 548, and/or 549, and claims to determine the validity, priority, and extent of liens, all of which are core proceedings under 28 U.S.C. § 157(b)(2)(A), (F), (H), (K), and (O).

## PROCEDURAL HISTORY

On May 16, 2008, Amir filed a petition under Chapter 13 of the Bankruptcy Code. On August 4, 2008, the case was converted from a case under Chapter 13 to a case under Chapter 7. On August 28, 2008, the trustee filed the above-captioned adversary proceeding seeking a determination of the validity, extent, or priority of the interests, if any, of all defendants with respect to the real property, the avoidance of various mortgages or other interests in the real property, and a claim for violation of the automatic stay. On September 25, 2008, Amir filed an answer to the trustee's complaint. On the same day, in lieu of filing an answer, IMC filed the first of a number of motions to dismiss. IMC's various motions to dismiss

3

were denied on October 15, 2008. On October 6, 2008, the trustee filed an amended complaint to add Countrywide Home Loans as a defendant. Amir filed an answer to the trustee's amended complaint on October 16, 2008. On October 27, 2008, the trustee filed a motion to dismiss defendants Millennium Bank, Entrust Mortgage, and Deutsche Bank. The motion was granted on November 26, 2008. On November 7, 2008, IMC filed an answer to the trustee's amended complaint. Although Amir remains an active defendant, it is the property interest of IMC that is at issue in this adversary proceeding. All other claims have been dismissed or resolved by agreement.[2]

A trial in this adversary proceeding was originally scheduled for October 29, 2008, and was adjourned to November 10, 2008, at which time the Court heard testimony from Amir, the trustee, and a representative of Charter One Bank. The Court also received ten exhibits on behalf of the trustee and one exhibit on behalf of IMC.[3] Following closing arguments, the Court took the matter under

---

[2] On November 17, 2008, the Court entered an agreed partial judgment between the trustee and defendants EMC Mortgage, Mortgage Electronic Registration System, IndyMac Bank, F.S.B., Wells Fargo Bank, and Countrywide Home Loans, as well as a separate agreed partial judgment between the trustee and defendant James Rokakis.

[3] The findings of fact contained in this memorandum of opinion reflect the Court's weighing of evidence, including consideration of the credibility of the witnesses. "In doing so, the court considered each witness's demeanor, the substance of the testimony, and the context in which the statements were made,

4

advisement and is now ready to rule.

FACTUAL HISTORY

On February 8, 2007, Zaddok Development Corporation executed a warranty deed conveying to Amir the real property located at 1860 Surrey Place, Gates Mills, Ohio, also known as permanent parcel #843-10-027. *See* Trustee's Exhibit #5. The deed was recorded the same day in the Cuyahoga County Recorder's office. The County Auditor's stamp indicates a total consideration of $7,000,000. On the same day, Amir signed an "asset backed note" evidencing a $3,400,000 debt he owed to IMC. *See* Trustee's Exhibit #8. Also on February 8, 2007, Amir executed what purports to be a warranty deed conveying the same real property from himself to IMC. *See* Trustee's Exhibit #6. This deed to IMC went unrecorded for over a year and a half until it was recorded on August 25, 2008, three months *after* Amir's bankruptcy case was filed and one day before a hearing on the trustee's motion for an order that the trustee be given possession of the real property. When IMC recorded the deed postpetition on August 25, 2008, IMC indicated under penalty of perjury that no conveyance fees should be charged

---

recognizing that a transcript does not convey tone, attitude, body language, or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of all witnesses, as well as all exhibits admitted into evidence.

5

because the real property was transferred "[s]olely in order to provide or release security for a debt or obligation." *See* Trustee's Exhibit #7.

According to the Court's claims register, as of January 12, 2009, the twenty-two claims filed by creditors in this case totaled more than $11,300,000, including more than $6,600,000 in general unsecured claims.

DISCUSSION

The trustee sets forth a number of alternative "strong arm" theories to avoid the transfer of the real property from Amir to IMC, including 11 U.S.C. §§ 544, 547, 548, and 549. The trustee asserts that the avoided transfer may be recovered by the estate under section 550, or, in the alternative, preserved for the benefit of the estate under section 551. In either event, the trustee argues that the real property is or becomes property of the debtor's estate under 11 U.S.C. § 541 and may be sold for the benefit of Amir's creditors. Amir and IMC argue that Amir transferred the real property to IMC by a valid warranty deed on February 8, 2007, more than a year before the filing of Amir's bankruptcy petition, and that the trustee cannot avoid the transfer under any theory, because an unrecorded deed is valid as against the trustee under Ohio law.

While it is federal law which provides the trustee with his "strong arm" powers, Ohio law, not federal law, governs the property interests at issue in this

6

case. *See Butner v. United States*, 440 U.S. 48, 55 (1979); *accord Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451 (2007) ("As we stated in *Butner*, '[p]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' "); *In re Zaptocky*, 250 F.3d 1020, 1024 (6th Cir. 2001) (Ohio law governs trustee's action as a hypothetical bona fide purchaser under section 544(a)(3) to avoid mortgage concerning real property located in Ohio).

A. *Avoidability of the Transfer Under Section 544(a)(3)*

The trustee argues that because the February 8, 2007, warranty deed transferring the real property from Amir to IMC was unrecorded at the time the bankruptcy petition was filed, the trustee may avoid the transfer under 11 U.S.C. § 544(a)(3). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
> . . . .
> (3) A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case,

7

whether or not such a purchaser exists.

According to section 544(a)(3), the trustee shall have the rights and powers of a bona fide purchaser. *See* 11 U.S.C. § 544(a)(3); *In re Zaptocky*, 250 F.3d at 1024 (under section 544(a)(3) the trustee assumes the rights and powers of a hypothetical bona fide purchaser); *In re Brown Family Farms, Inc.*, 80 B.R. 404, 407-08 (1987) (same); *see generally In re Burns,* 322 F.3d 421, 427 (6th Cir. 2003) (section 544(a) gives the trustee the power to avoid a mortgage not executed in accordance with Ohio law). Even so, Ohio law "governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of subsection 544(a)(3)." *Collier on Bankruptcy* 15th ed. ¶ 544.08; *see In re* Zaptocky, 250 F.3d at 1031 (state law defines who is a bona fide purchaser); *In re Walter*, 45 F.3d 1023, 1032 (6th Cir. 1995) (same); *In re Michigan Lithographing Co.*, 997 F.2d 1158, 1159 (6th Cir. 1993) (same).

Under Ohio law, a bona fide purchaser is defined as "a purchaser who 'takes in good faith, for value, and without actual or constructive notice of any defect.' " *In re Easter*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007) (quoting *In re Little Key*, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003) (citing *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536 (1942))).

8

> Therefore, while the provisions of § 544(a)(3) state that the Trustee takes the powers of a bona fide purchaser of real property "without regard to any knowledge of the Trustee or any creditor," § 544(a)(3) does not override provisions of state law which impute notice of claims to real estate through constructive notice, or through facts which are legally sufficient to put a purchaser upon inquiry.

*In re Brown Family Farms, Inc.*, 80 B.R. at 408.  Thus, the trustee may not obtain bona fide purchaser status if he had actual or constructive notice of the transfer at the commencement of the bankruptcy proceeding.

In Ohio, constructive notice can be imputed if the deed transferring the property is properly recorded in the chain of title, or if the transferee is in "open and observable possession" of the real property.  80 B.R. at 408.  No evidence has been presented to the Court indicating that the trustee had actual or constructive notice of the transfer of the real property.  The trustee cannot be attributed with constructive notice of the deed through the county recording system because the deed transferring the real property from Amir to IMC was unrecorded at the time the bankruptcy petition was filed.  The warranty deed was not recorded until August 25, 2008, approximately three months *after* the bankruptcy petition was filed.  For this reason, the Court also rejects IMC's argument that the trustee had constructive notice of the deed under O.R.C. § 5301.01.  O.R.C. § 5301.01(B)(1)(b) provides in pertinent part:

9

> The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith . . . .

This statutory provision only provides constructive notice for property interests that are recorded. It does nothing to defeat the trustee's rights as a bona fide purchaser as of the commencement of the case. *Cf. In re Huffman*, 408 F.3d 290, 294-95 (6th Cir. 2005) (current version of O.R.C. § 5301.01 did not divest trustee of rights she had as a bona fide purchaser under law governing at the commencement of the case). In short, nothing in O.R.C. § 5301.01 provides *retroactive* constructive notice of IMC's later-recorded deed to defeat the trustee's rights as a bona fide purchaser as of the commencement of the case.

Further, at the commencement of the bankruptcy case, Amir, not IMC, was in possession of the real property, and Amir continues to use the property as his primary residence. At no time has IMC maintained open and observable possession of the property. Thus, the trustee cannot be imputed with constructive notice of the deed through IMC's observable possession of the real property. This is also not a situation where the filing of a notice of lis pendens gave the trustee constructive notice of IMC's interest, since no such notice of IMC's interest was ever made prepetition.

10

Nor is this a situation where 11 U.S.C. § 546(b) and generally applicable state law would permit a later-recorded deed or mortgage to take priority over an earlier perfected interest in the same property. *See In re 229 Main Street Ltd. Partnership*, 262 F.3d 1, 11 (1st Cir. 2001) ("to qualify for the safe harbor [under section 546(b)] the perfection must have a retroactive effect in the sense that once an interest is perfected it will take priority over earlier perfected interests"). Unlike the state environmental lien in *229 Main Street*, in the present case, there is nothing in Ohio law that gives the holder of a later-recorded deed (*i.e.*, IMC) priority over a bona fide purchaser. Because the trustee did not have actual or constructive notice of the transfer at the commencement of the bankruptcy proceeding, he may assume bona fide purchaser status under Ohio law.

Ohio law, pursuant to O.R.C. § 5301.25, provides that:

> (A) All deeds, land contracts . . . and instruments of writing properly executed for the conveyance or encumbrance of lands . . . shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.

The statute specifically provides that all *deeds* must be recorded to be valid against a subsequent bona fide purchaser without knowledge; however, it is not clear whether an "instrument executed for the encumbrance of lands" includes a

11

*mortgage* document. In addressing this issue, the Sixth Circuit has held that

O.R.C. § 5301.25 applies to both deeds and mortgages. *See In re Zaptocky*,

250 F.3d at 1024 (applying O.R.C. § 5301.25 to a mortgage); *In re Cowan*,

273 B.R. 98, 102 (6th Cir. BAP 2002) (citing O.R.C. § 5301.25 as holding that "a

properly executed mortgage must be filed with the appropriate county recorder's

office in order to create a perfected interest in the property"). Therefore, regardless

of whether Amir transferred the real property to IMC by way of a warranty deed as

the result of a sale, or whether IMC issued a multi-million dollar mortgage to Amir

in exchange for a security interest and deed to the real property, the final result of

the Court's analysis is the same, and the Court need not decide whether IMC's

interest as of the petition date was an unrecorded deed or an unrecorded mortgage.

Under Ohio law, an unrecorded transfer of property is fraudulent as to a

subsequent bona fide purchaser without knowledge of the transfer. *See*

O.R.C. § 5301.25. Under 11 U.S.C. § 544(a)(3), the trustee assumes the rights and

powers of a hypothetical bona fide purchaser, regardless of whether or not such a

purchaser actually exists. Here, the trustee did not have actual or constructive

notice of the deed. Therefore, pursuant to section 544(a)(3) and O.R.C. § 5301.25,

the trustee is a hypothetical bona fide purchaser who may avoid the transfer of the

real property from Amir to IMC, and the avoided transfer becomes property of the

12

debtor's estate under 11 U.S.C. § 541.  As Judge Speer noted in *Brown Family*

*Farms*:  "The recording statute is a stern taskmaster, but the legislature has found

the benefits of reliable records to be worth the occasionally harsh results." 80 B.R.

at 414.

B.  *Avoidability of the Transfer Under Section 547*

      The trustee also contends that the transfer of the real property from Amir to

IMC is a preferential transfer avoidable under 11 U.S.C. § 547.  Section 547

provides in pertinent part:

> (b) . . . [T]he trustee may avoid any transfer of an interest of the
> debtor in property–
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt owed by the debtor
> before such transfer was made;
>> (3) made while the debtor was insolvent;
>> (4) made –
>>> (A) on or within 90 days before the date of the filing of
>> the petition; or
>>> (B) between ninety days and one year before the date of
>> the filing of the petition, if such creditor at the time of such
>> transfer was an insider; and
>> (5) that enables such creditor to receive more than such creditor
> would receive if–
>>> (A) the case were a case under chapter 7 of this title;
>>> (B) the transfer had not been made; and
>>> (C) such creditor received payment of such debt to the
>> extent provided by the provisions of this title.
> . . . .
> (e) (2) For the purposes of this section . . . a transfer is made–
>> . . . .
>>> (C) immediately before the date of the filing of the

13

petition, if such transfer is not perfected at the later of–
 (i) the commencement of the case; or
 (ii) 30 days after such transfer takes effect between
the transferor and the transferee.

The key question before the Court is whether the transfer from Amir to IMC is avoidable as a preference because it was transferred "on account of an antecedent debt owed by the debtor before such transfer was made." Amir incurred a debt to IMC on February 8, 2007, by signing an asset backed note in the amount of $3,400,000. *See* Trustee's Exhibits #8 and #9. Amir executed a deed conveying the real property to IMC on the same day. *See* Trustee's Exhibit #6. Further, when IMC recorded the deed postpetition on August 25, 2008, IMC indicated under penalty of perjury that no conveyance fees shall be charged because the real property is transferred "[s]olely in order to provide or release security for a debt or obligation." *See* Trustee's Exhibit #7. IMC also admitted that "[T]he property's fee simple interest was transferred on February 8, 2007 to IMC Corporation as the security instrument in a personal hard money loan transaction." *See* IMC's Motion to Cease and Desist (Sept. 4, 2008) main case Docket #80.

Based on the dates of these documents, it would appear that the transfer of the real property was contemporaneous with the debt and not "on account of an antecedent debt." Subsection 547(e)(2)(C), however, states that if the transfer is

14

not perfected at the commencement of the bankruptcy case, or within 30 days after the transfer takes effect, whichever is later, then for the purposes of section 547, the transfer does not occur until immediately before the filing of the petition.

Under Ohio law a deed or mortgage is not perfected until it is recorded. *See* Ohio Rev. Code §§ 5301.23 and 5301.25; *In re Cowan*, 273 B.R. at 102 ("[A] properly executed mortgage must be filed with the appropriate county recorder's office in order to create a perfected security interest in the property."). Here, the deed transferring the real property was executed on February 8, 2007, but it was not recorded, and therefore, perfected, until approximately a year and a half later on August 25, 2008. Therefore, pursuant to subsection 547(e)(2)(C), the transfer of the real property did not occur until August 25, 2008, and is "on account of an antecedent debt" incurred by the debtor on February 8, 2007.

The transfer of the real property from Amir to IMC meets all the elements of a preferential transfer found in subsection 547(b): (1) a transfer of a property interest of the debtor – the real property; (2) on account of an antecedent debt in the form of an asset backed note signed on February 8, 2007; (3) made while the debtor was presumed to be insolvent; (4) made within ninety days prior to the filing of the bankruptcy petition – under subsection 547(e)(2)(C) the transfer did not occur until immediately before the filing of the petition; (5) that benefits

15

creditor IMC; and (6) enables IMC to receive a larger share of the estate than if the real property had not been transferred and IMC was an unsecured creditor. Therefore, IMC's interest in the real property is avoided as a preferential transfer under section 547, and the avoided transfer becomes property of the debtor's estate under 11 U.S.C. § 541.

C. *Recovery under Section 550 and Preservation under Section 551*

The trustee asserts that the avoided transfer may be recovered by the estate under section 550, or, in the alternative, preserved for the benefit of the estate under section 551. In either event, the trustee argues that the real property is or becomes property of the debtor's estate under 11 U.S.C. § 541 and may be sold for the benefit of Amir's creditors.

> In the case of creditors who have possessory interests in the debtor's property, the trustee will generally have to pursue recovery [under section 550], because mere avoidance would not bring the property back into the estate's possession. In contrast, in cases involving creditors . . . who have nonpossessory interests in the debtor's property, trustees will generally not have to seek recovery.

*In re Burns*, 322 F.3d at 428. If the interest is nonpossessory, the avoided transfer is automatically "preserved by section 551 and returned to the estate under section 541." *Id*; *see also* 11 U.S.C. § 541.

The Court indicated above that it need not decide whether IMC holds a possessory (deed) or nonpossessory (mortgage) interest for the purpose of

16

avoidance under 11 U.S.C. §§ 544 and 547. Similarly, the Court need not decide whether section 550, or section 551, applies to the present case. If IMC's avoided interest is a warranty deed, the property is presumably recovered under section 550 and becomes property of the debtor's estate under section 541(a)(3).[4] If IMC's avoided interest is a mortgage, the avoided transfer is automatically preserved for the benefit of the estate under section 551 and becomes property of the debtor's estate under section 541(a)(4). In either event the result is the same: the property becomes part of the bankruptcy estate under section 541 and may be sold for the benefit of creditors.

This Court need not decide whether IMC's interest as of the petition date is an unrecorded deed or an unrecorded mortgage. Either way, the interest is subject to avoidance by the Chapter 7 trustee. Nevertheless, to the extent that a reviewing court were to determine that the trustee's avoidance of IMC's interest for the benefit of the estate is contingent upon that interest being a mortgage and not a deed, this Court finds that the trustee has established by clear and convincing evidence that the deed from Amir to IMC, although absolute on its face, is in fact a mortgage. *See Wilson v. Giddings*, 28 Ohio St. 554 (1876) (conveyance absolute

---

[4] Even if IMC's interest is a deed in fee simple, it is unclear whether a claim for recovery is necessary under section 550 and *In re Burns* because IMC does not have physical possession of the property whose transfer is being avoided. Again, this is an issue that the Court need not decide.

17

on its face will be treated in a court of equity as a mortgage when evidence establishes that deed was intended as mortgage security); *see generally* 69 Ohio Jur.3d *Mortgages* §§ 17-32.

The evidence in favor of the transaction being a mortgage includes the following:

- the note was issued same day as the warranty deed;

- the debtor has always stayed in possession of the real property without any apparent obligation to pay rent;

- IMC has admitted that the property interest "was transferred to IMC as the security interest in a personal hard money loan transaction" (Docket #80 in main case Sept. 4, 2008);

- when IMC recorded the deed postpetition on August 25, 2008, it indicated under penalty of perjury that no conveyance fees shall be charged because the real property is transferred "[s]olely in order to provide or release security for a debt or obligation";

- there is no provision for the debtor to regain ownership if the note to IMC is paid in full;

- no other explanation makes sense.

In short, it appears that IMC took a deed, absolute on its face, as security for the money it apparently loaned the debtor, as evidenced by the note executed the same date as the deed. For IMC to own the property in fee simple, regardless of whether the debtor pays the note in full, simply makes no sense. Rather, the facts in this case are consistent with other courts finding, by clear and convincing evidence,

18

that a deed, absolute on its face, is in fact a mortgage. *See Wilson v. Giddings*, *supra*, 28 Ohio St. at 567 (if debtor-creditor relationship still subsists between the parties, then conveyance must be regarded as a security for payment and treated in all respects as a mortgage); *Cotterell v. Long*, 20 Ohio 464, 473 (1851) (deed intended by parties as security for the payment of a debt must be regarded as a mortgage); *Rochford v. Sheban*, 135 N.E.2d 773 (Ohio App. 1954) (affirming trial court's decision that instrument purporting to be a deed was in fact executed and delivered as a mortgage and not as an absolute conveyance); *accord In re Euclid Doan Co.*, 104 F.2d 712 (6th Cir. 1939) (affirming district court's holding that deed, although absolute in form, was not intended to transfer property, but simply to secure a loan); *Kaeser v. Gross*, 2002 WL 1817604 (Ohio App. Aug. 9, 2002) (court found deed, although absolute in form, to be a mortgage after party in need of money to post bond to get out of jail signed general warranty deed as security); *Krippendorf v. Ormsby*, 26 Ohio C.D. 172 (Ohio App. 1915) (woman who conveyed real estate to her attorney as security for money loaned to her was entitled to have real property reconveyed); *cf. Slutz v. Desenberg*, 28 Ohio St. 371 (1876) (deed, absolute in form, was held to be conditional sale, not mortgage when there was no debtor-creditor relationship between grantor and grantee at time of execution).

19

D. *Rejection of Additional Arguments Raised by Amir and IMC*

Even if not specifically addressed herein, the Court also rejects, for purposes of the trustee's claims in this adversary proceeding, the other arguments raised at various times during the course of this adversary proceeding by Amir and IMC. These arguments include: the alleged lack of personal jurisdiction, the alleged lack of notice of the Chapter 13 trustee's motion to convert or dismiss, the assertion that Amir never authorized the filing of this bankruptcy case, the alleged failure of the trustee to record the bankruptcy estate's interest in the real property, assertions that there are no proper or allowed secured or unsecured claims against the estate notwithstanding the claims filed of record with the Court's registry, and alleged protections accorded IMC under Ohio's versions of UCC §§ 8-302 and 8-303, O.R.C. §§ 1308.16 and 1308.17, dealing with "protected purchasers" of "securities." Some of these issues have already been addressed through other orders of the Court, *see*, *e.g.*, order on dismissal (Docket #240 in main case), or are not ripe for review, *see*, *e.g.*, order setting schedule for Amir to object to individual claims filed by creditors in this bankruptcy case (Docket #284 in main case). Others are simply not relevant or without merit, such as the argument that Ohio's versions of UCC §§ 8-302 and 8-303, O.R.C. §§ 1308.16 and 1308.17, dealing with "protected purchasers" of "securities," protect IMC against the trustee's

20

avoidance powers.

E. *Other Claims Involving IMC, Including IMC's Alleged Violation of the Automatic Stay*

The Court finds it unnecessary to address the trustee's other claims involving IMC, including IMC's alleged violation of the automatic stay by its postpetition recording of the deed without obtaining relief from stay. Since the Court finds that the trustee can avoid the transfer of the real property under 11 U.S.C. §§ 544(a)(3) and 547(b), the postpetition recording of the deed has no effect on the bankruptcy estate. The real property is property of the debtor's estate pursuant to section 541.

In ruling that the real property becomes property of the debtor's estate free of any interest of IMC under sections 544 and 547, the Court believes that there is no need to address the trustee's alternative claims for relief. The Court notes that the relief awarded or not awarded in this opinion and accompanying judgment is without prejudice to claims the trustee may have arising from IMC and attorney Murphy filing a civil action in state court against the Chapter 7 trustee and others without first obtaining relief from stay and permission to pursue such an action from this Court, which is the subject of a separate show cause proceeding. *See* Order (Dec. 16, 2008) main case Docket #274.

21

08-01258-aih    Doc 120    FILED 01/12/09    ENTERED 01/13/09 13:25:53    Page 21 of 22

For the foregoing reasons, the Court finds that the trustee may avoid the February 8, 2007, warranty deed transferring the real property from Amir to IMC under 11 U.S.C. §§ 544 and 547. The real property is property of the debtor's estate under 11 U.S.C. § 541 and may be sold for the benefit of Amir's creditors. The Court finds it unnecessary to address the trustee's other claims involving IMC, including IMC's alleged violation of the automatic stay.

08-01258-aih    Doc 120    FILED 01/12/09    ENTERED 01/13/09 13:25:53    Page 22 of 22